LeBLANC, Judge,
concurring in part; dissenting in part.
I respectfully dissent from that portion of the majority opinion holding E. Briggs Wharton liable for damages resulting from the actions of Ben F. Downing, Jr., Wharton’s predecessor as trustee. The trust instrument at issue contains an exculpatory clause exempting the trustee from any liability except that occurring as a result of his “own willful fault or gross negligence”. The majority opinion holds Wharton liable on the basis that he failed to demand a final accounting from Downing, which allegedly would have revealed the breaches of trust committed by Downing. Wharton could then have pursued whatever remedies the beneficiaries may have had against Downing for these breaches of trust.
However, we disagree that Wharton had an absolute duty to demand a final accounting from Downing. Although La.R.S. 9:2088 C normally requires a final accounting from a trustee upon his resignation, this requirement may be waived. In the present case, the court order appointing Wharton as trustee specifically exempted Downing from furnishing any accounting other than an annual account. The majority opinion takes the position that this court order was invalid because it was obtained ex parte, rather than after contradictory proceedings. Regardless of the correctness of this position, the existence of this order is pertinent to the issue of whether Wharton’s failure to obtain a final accounting from Downing was willful or grossly negligent. If the order was in fact valid, Wharton obviously had no duty to obtain a final accounting. However, even if the order was invalid, Wharton, who was not an attorney, was justified in relying upon it in good faith. Accordingly, his failure to obtain a final accounting was not willful in such a manner as would impose liability upon him. For the above reasons, I dissent from that portion of the judgment holding Wharton liable for damages resulting from the actions of his predecessor. I concur in the result reached in the remainder of the opinion.